UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DAKOTA JAMES CALDWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:19-cv-00526-JPH-DLP |
| | ) |
| VIGO COUNTY SHERIFF'S DEPARTMENT, | ) |
| RORY LEECH Sgt. in Vigo County Sheriff's Department, | ) |
| JON SILVER Dep. in Vigo County Sheriff's Department, | ) |
| MELISSA PHERSON Case Worker - Vigo County DCS, | ) |
| VIGO COUNTY DCS, | ) |
| HALEY LINDLEY Case Worker - Vigo County DCS, | ) |
| TIM TAYLOR Deputy in Vigo County Sheriff's Department, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON DEFENDANTS' MOTION TO DISMISS**

Dakota Caldwell alleges that Defendants deprived him of his constitutional right to be free of unreasonable searches and seizures under the Fourth Amendment. Dkt. 1. Defendants Haley Lindley, Melissa Pherson, and Vigo County DCS ("DCS Defendants") filed a 12(b)(6) motion for failure to state a claim upon which relief can be granted. Dkt. 25. For the reasons that follow, that motion is **GRANTED in part and DENIED in part** as withdrawn.

1

# I.
# Facts and Background

Because the DCS Defendants have moved for dismissal under Rule 12(b)(6), the Court accepts and recites "the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).[1]

On May 2, 2019, a DCS caseworker went to Mr. Caldwell's home with two Vigo County Sheriff's Deputies and demanded that Mr. Caldwell let her in the house. Dkt. 1 at 8. Mr. Caldwell refused. *Id.* The next morning, two DCS caseworkers, Defendants Melissa Pherson and Haley Lindley, arrived at Mr. Caldwell's home, but he would not let them in. *Id.* Two DCS caseworkers then falsely reported to the sheriff's dispatch that they had an order for the removal of children. Dkt. 28 at 1.

Shortly after Ms. Pherson and Ms. Lindley left Mr. Caldwell's home, two Vigo County Sheriff's Deputies arrived, and Mr. Caldwell met them at the door with a handgun tucked into his waistband. Dkt. 1 at 8. Mr. Caldwell tried to shut the door, but they forced their way into the house. *Id.* The deputies took Mr. Caldwell's gun, forced him out of his house, patted him down, and attempted to handcuff him. *Id.* After a struggle, the deputies briefly released Mr. Caldwell. *Id.* at 8–9. Sergeant Leech then claimed that Mr. Caldwell came to the door in a threatening manner and the deputies arrested Mr. Caldwell for felony intimidation. *Id.* at 9.

---

[1] As explained below, the Court treats Mr. Caldwell's "amended complaint," dkt. 22, and response in opposition to the motion to dismiss, dkt. 28, as factual supplements.

Mr. Caldwell seeks relief under 42 U.S.C. § 1983 for unlawful search and seizure under the Fourth Amendment. *Id.* at 3. The DCS Defendants filed a motion to dismiss. Dkt. 25.

## II.
## Applicable Law

Defendants may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief may be granted." To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When ruling on a 12(b)(6) motion, the Court will "accept the well-pleaded facts in the complaint as true," but will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim." *McCauley,* 671 F.3d at 616. *Pro se* complaints are construed liberally and held "to a less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats,* 851 F.3d 714, 720 (7th Cir. 2017).

## III.
## Analysis

### A. The Operative Complaint

After his initial complaint, dkt. 1, Mr. Caldwell filed a factual statement, saying he was "amending [his] complaint," dkt. 22. He then added more facts

3

in his response in opposition to the DCS Defendants' motion to dismiss. Dkt. 28. Generally, "the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989); *see* Fed. R. Civ. P. 12(d). But "essential new facts" may be added in a brief in opposition "provided they are consistent with the complaint." *Highsmith v. Chrysler Credit Corp.*, 18 F.3d 434, 439–40 (7th Cir. 1994); *see* H*rubec v. National R.R. Passenger Corp.*, 981 F.2d 962, 963-64 (7th Cir. 1992) ("A plaintiff need not put all the essential facts in the complaint. He may add them by affidavit or brief—even a brief on appeal.")).

It's not clear whether Mr. Caldwell intended the filing at docket 22 to be an amended complaint that would replace his original complaint, or if he intended it to merely supplement the original complaint. That filing does not list the defendants, all relevant facts, or the relief sought as a complaint must, s*ee* Fed. R. Civ. P. 8, so the Court treats it as a supplement to the original complaint, dkt. 1. Likewise, the Court treats Mr. Caldwell's brief in opposition to the motion to dismiss, dkt. 28, as a supplement to the complaint. Defendants have responded to the allegations in each of those supplements. dkt. 23; dkt. 31; dkt. 32.

### B. DCS's Motion to Dismiss[2]

Vigo County DCS argues that the complaint fails to state a claim because DCS is not a "person" subject to suit under § 1983. Dkt. 26 at 5. Mr. Caldwell

---

[2] DCS caseworkers Haley Lindley and Melissa Pherson argued that they should be dismissed for failure to state a claim against them. Dkt. 26 at 5–6. But after Mr. Caldwell alleged additional facts in his response, dkt. 28, they withdrew their motion

4

objects, but does not address whether DCS is a "person" under § 1983. Dkt. 28 at 1. State agencies like DCS are not "persons" who may be sued under § 1983. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989). County branches of DCS are treated as extensions of that state agency, so county branches like Vigo County DCS are not subject to suit under § 1983. *Rasheed v. Floyd Cty. CPS,* 2019 WL 3208119 at *2 (S.D. Ind. Jul. 16, 2019). Therefore, the DCS Defendants' motion to dismiss Vigo County DCS is **granted**.

The DCS Defendants also argue that any false reporting claim must be dismissed. Dkt. 26 at 7. The Court does not read the complaint to bring a claim for false reporting. *See* dkt. 28. Regardless, Mr. Caldwell did not respond to the DCS Defendants' argument on this point, so he has waived any such claim. *See Bonte v. U.S. Bank, N.A.,* 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver."). Any false reporting claim is therefore dismissed.

## IV.
## Conclusion

DCS's motion to dismiss, dkt. 25, is **GRANTED in part and DENIED in part** as withdrawn. Mr. Caldwell's § 1983 claim against Vigo County DCS is **DISMISSED**; the clerk **shall terminate** Vigo County DCS as a defendant on the docket. Mr. Caldwell's original complaint, dkt. 1, is the operative complaint;

---

to dismiss the claims against them, dkt. 31. The motion to dismiss Ms. Lindley and Ms. Pherson is therefore denied as withdrawn.

the clerk **shall rename** the "amended complaint," dkt. 22, as a statement of additional facts.

**SO ORDERED.**

Date: 8/5/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DAKOTA JAMES CALDWELL
3215 E. Park Ave.
Terre Haute, IN 47805

Michael J. Blinn
INDIANA ATTORNEY GENERAL
michael.blinn@atg.in.gov

David P. Friedrich
WILKINSON GOELLER MODESITT WILKINSON AND DRUMMY
dpfriedrich@wilkinsonlaw.com